UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Webb,                                           No. 23-cv-1836 (KMM/TNL)

      Plaintiff,

v.
                                        **ORDER**

City of Minneapolis, et al.,

      Defendants.

Plaintiff Robert Webb filed his Complaint on June 19, 2023. Defendant City of Minneapolis filed an Answer on July 17, 2023, and an Amended Answer on August 7, 2023. United States Magistrate Judge Tony N. Leung held a Rule 16 conference and issued a Pretrial Scheduling Order on September 12, 2023. Defendants Tser Cheng and Christopher Lange filed Answers on January 4, 2024. On January 12, 2024, all three Defendants filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).[1]

By Local Rule, Plaintiff's response to the Motion for Judgment on the Pleadings was due on February 2, 2024. Because Plaintiff failed to file a timely response, on February 28, 2024, the Court canceled the upcoming hearing on the motion and

---

[1] Other named Defendants in this case include Minneapolis Police Officers Robert Calhoun and Luke Bakken. In their Rule 12(c) motion, Defendants explain that there is no officer with the Minneapolis Police Department named Robert Calhoun and that Luke Bakken is deceased. Understandably, neither of these Defendants has been served with the summons and complaint.

1

instructed the parties to file letters addressing whether an extension of the deadline was appropriate under Fed. R. Civ. P. 6(b)(1)(B). The parties complied with that instruction.

Under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The "excusable neglect" determination is equitable and involves consideration of all relevant circumstances involved in the party's failure to comply with a deadline. *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010). Courts generally consider four factors, including "prejudice to the non-moving party, the length of delay, the movant's good faith, and the reason for the delay." *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019). "The reason for the delay is a key factor in the analysis." *Id.*

Three of these factors are essentially uncontested and each weighs in favor of granting Plaintiff's request. Defendants do not argue that allowing such a response would, in any way, result in unfair prejudice. Nor is there any suggestion that the delay caused by allowing Plaintiff an additional two weeks from the date of this Order would so prolong these proceedings that it would interfere with a relatively prompt, just, and inexpensive resolution of this litigation. Further, there has been no showing that Plaintiff's Counsel or Plaintiff acted in bad faith in failing to comply with the deadlines.

Only the adequacy of the reason for the delay is in dispute. Plaintiff's Counsel argued that his failure to file a timely response was the result of excusable neglect because the intern in his office who was responsible for calendaring motions left the

position as of January 1, 2024. In addition, Plaintiff's Counsel states that he contracted COVID-19 in the first week of 2024 and had symptoms lasting over two weeks. As a result, Plaintiff's Counsel candidly admits that he failed to calendar the motions and missed the deadline.

Defendants argue that the reasons provided by Plaintiff's Counsel do not constitute excusable neglect. Defendants explain that on January 11th, the day before they filed the motion, they emailed Plaintiff's Counsel to discuss Plaintiff's willingness to voluntarily dismissal of some of the claims asserted in the complaint. Then, in the early afternoon of January 12th, Plaintiff's Counsel responded to that email declining to dismiss. A few minutes later, counsel for the parties spoke on the phone to discuss whether any settlement negotiations would take place prior to a decision on the Rule 12(c) motion. During the call, Defendants represent that Plaintiff's Counsel was advised that the Defendants would be filing their motion later that day with a March 4th hearing date. Within a few hours, Defendants filed their motion and supporting documents, which generated several emails to all counsel notifying them of the electronic filings. Under these circumstances, Defendants contend that Plaintiff's Counsel's failure to calendar the motion does not constitute excusable neglect because he was able, despite his illness and the absence of his intern, to engage in email and phone communications at the time the motion was filed and reasonably should have placed the filing deadline on his calendar, asked for an extension due to his illness, or taken some other appropriate steps.

Although Defendants raise valid concerns and the Court finds that these facts weigh slightly against a finding of excusable neglect, the Court will nevertheless grant Plaintiff's request. Defendants are correct that the circumstances here indicate that Plaintiff's Counsel had notice of the filing of the motion and opportunities to act diligently. However, the essence of all excusable neglect is that it involves, to some degree or another, negligent conduct by a party or that party's representative. What Defendants have pointed out is that Plaintiff's Counsel's failure to calendar the motion was negligent, and Plaintiff's Counsel has not denied that. Nevertheless, neither the fact that Plaintiff's Counsel communicated with Defendants around the time the motion was filed, nor the substance of those communications demonstrate that the symptoms Plaintiff's Counsel experienced played no role in Plaintiff's Counsel's failure to act as diligently as he should. It is also not lost on the Court that Plaintiff's Counsel operates a small practice without significant support staff. While this means that he must take steps to ensure that he meets deadlines in the future and the law does not create exceptions to procedural rules for solo practitioners, the realities of such a practice must be taken into account when making an equitable determination such as this.

Considering all the relevant factors together, including the absence of prejudice to Defendants, the relatively brief delay, the absence of bad faith, and the Court's preference for resolution of disputes on their merits, with input from both sides on the legal issues presented, the Court will grant Plaintiff's request for permission to file an untimely response to Defendants' Motion for Judgment on the Pleadings.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff shall file a response to Defendants' Motion for Judgment on the Pleadings **within 14 days of the date of this Order**.

2. Defendants shall file a reply in support of their Motion for Judgment on the Pleadings **within 14 days after Plaintiffs' response is filed**.

3. Upon receipt of the briefing permitted by this Order, the Court will determine whether to set a hearing on the motion or to take the matter under advisement based on the written submissions.

Date: April 17, 2024                           *s/Katherine Menendez*
                                               Katherine Menendez
                                               United States District Judge